UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ALEXANDER SMIRNOV,

                           Plaintiff,

-against-

CITY OF NEW YORK, LAWRENCE COGNATO, Individually, SALVATORE DESANTIS, Individually, ANDREW HILLERY, Individually, and JOHN and JANE DOE 1 through 10 Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                           Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, DETECTIVE COGNATO AND LIEUTENANT HILLERY**

12 CV 3227 (SLT)(VMS)

Jury Trial Demanded

Defendants City of New York, Detective Lawrence Cognato and Lieutenant Andrew Hillery ("defendants")[1], by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action as stated therein.

        3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

---

[1] Upon information and belief, and based upon a review of the civil docket sheet, the individual identified in the caption of the complaint as "Salvatore Desantis" has not been served with a copy of the summons and complaint, and therefore is not a defendant in this action at this time.

4. Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5. Paragraph "5" of the complaint sets forth a demand for a trial by jury in this matter and accordingly, no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Admit the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that defendant City is a municipality of the State of New York, which maintains a police department, and respectfully refer the Court to the New York City Charter and Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that former Detective Salvatore Desantis, Detective Lawrence Cognato and Detective Andrew Hillery were employed by the New York City Police Department on March 26, 2011 and on March 29, 2011, and deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to the "John Doe" defendants.

10. The allegations set forth in paragraph "10" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

11. The allegations set forth in paragraph "11" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, including the footnote thereto, except admit that plaintiff does not purport to bring claims arising from an incident taking place on March 26, 2011.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint, except deny that the charges were false.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. In response to the allegations set forth in paragraph "27" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

28. Deny the allegations set forth in paragraph "28" of the complaint, except state that the allegations pertaining to "color of state law" are legal conclusions to which no response is required.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint, except state that the allegations pertaining to "color of state law" are legal conclusions to which no response is required.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48' of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. In response to the allegations set forth in paragraph "55" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. In response to the allegations set forth in paragraph "58" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

59. Deny the allegations set forth in paragraph "59" of the complaint, except state that the allegations pertaining to "color of state law" are legal conclusions to which no response is required.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint, except state that the allegations pertaining to "color of state law" are legal conclusions to which no response is required.

66. Deny the allegations set forth in paragraph "66" of the complaint, and all its subparts.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. In response to the allegations set forth in paragraph "68" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

69. Deny the allegations set forth in paragraph "69" of the complaint, except admit that a document purporting to be a Notice of Claim was received by the New York City Comptroller's Office on or about July 6, 2011.

70. Deny the allegations set forth in paragraph "70" of the complaint, except admit that plaintiff's purported claim has not been settled or adjusted.

71. Deny the allegations set forth in paragraph "71" of the complaint, except admit that plaintiff filed a complaint in this matter on or about July 5, 2012.

72. Deny the allegations set forth in paragraph "72" of the complaint, except admit that plaintiff purports to proceed as stated therein.

73. The allegations set forth in paragraph "73" of the complaint constitute conclusions of law rather than averments of fact, and accordingly, no response is required.

74. In response to the allegations set forth in paragraph "74" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. In response to the allegations set forth in paragraph "80" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. In response to the allegations set forth in paragraph "84" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. In response to the allegations set forth in paragraph "89" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. Deny the allegations set forth in paragraph "91" of the complaint.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. In response to the allegations set forth in paragraph "93" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. Deny the allegations set forth in paragraph "95" of the complaint.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. Deny the allegations set forth in paragraph "97" of the complaint

98. Deny the allegations set forth in paragraph "98" of the complaint

99. Deny the allegations set forth in paragraph "99" of the complaint

100. In response to the allegations set forth in paragraph "100" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

101. Deny the allegations set forth in paragraph "101" of the complaint.

102. Deny the allegations set forth in paragraph "102" of the complaint.

103. Deny the allegations set forth in paragraph "103" of the complaint.

104. In response to the allegations set forth in paragraph "104" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

105. Deny the allegations set forth in paragraph "105" of the complaint.

106. Deny the allegations set forth in paragraph "106" of the complaint.

107. In response to the allegations set forth in paragraph "107" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

108. Deny the allegations set forth in paragraph "108" of the complaint.

109. Deny the allegations set forth in paragraph "109" of the complaint.

110. In response to the allegations set forth in paragraph "110" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

111. Deny the allegations set forth in paragraph "111" of the complaint.

112. Deny the allegations set forth in paragraph "112" of the complaint.

113. In response to the allegations set forth in paragraph "113" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs, inclusive of this answer, as is fully set forth herein.

114. Deny the allegations set forth in paragraph "114" of the complaint.

115. Deny the allegations set forth in paragraph "115" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

116. The complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

117. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

118. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the culpable or negligent conduct of others and was not the proximate result of any act of defendants.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

119. There was probable cause for plaintiff's arrest, detention, and prosecution.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

120. At all times relevant to the acts alleged in the complaint, defendants Detective Cognato and Lieutenant Hillery acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:**

121. Defendants Detective Cognato and Lieutenant Hillery have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:**

122. Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:**

123. At all times relevant to the incident, defendant City of New York and its employees and officials acted reasonably and in the proper and lawful exercise of their discretion. As such, defendant City is entitled to governmental immunity.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

124. Plaintiff provoked any incident.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

125. Any search of plaintiff was justified by probable cause and/or reasonable suspicion.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

126. Plaintiff may have failed to comply with the provisions of New York General Municipal Law §§ 50(e) (h) and (i).

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

127. This action may be barred, in whole or in part, by the applicable statutes of limitations.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

128. To the extent the complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

**WHEREFORE,** defendants City of New York, Detective Lawrence Cognato and Lieutenant Andrew Hillery request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       November 8, 2012

                                 MICHAEL A. CARDOZO
                                 Corporation Counsel
                                 of the City of New York
                                 Attorney for Defendants
                                 100 Church Street, Room 3-203a
                                 New York, New York 10007
                                 (212) 788-9736

                                 /s/
By:    _____
                                 Noreen Stackhouse
                                 Assistant Corporation Counsel
                                 Special Federal Litigation Division

To:    Brett Klein, Esq. (By ECF)
        Leventhal & Klein, LLP
        *Attorneys for Plaintiff*
        45 Main Street, Suite 230
        Brooklyn, New York 11201

12 CV 3227 (SLT)(VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALEXANDER SMIRNOV,

                                      Plaintiff,

-against-

CITY OF NEW YORK, LAWRENCE COGNATO, Individually, SALVATORE DESANTIS, Individually, ANDREW HILLERY, Individually, and JOHN and JANE DOE 1 through 10 Individually, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                      Defendants.

**ANSWER TO COMPLAINT ON BEHALF OF DEFENDANTS CITY OF NEW YORK, DETECTIVE COGNATO AND LIEUTENANT HILLARY**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, New York 10007*

*Of Counsel: Noreen Stackhouse*
*Tel: (212) 788-9736*

*Due and timely service is hereby admitted.*

*New York, N.Y. ............................................, 2012*

*........................................................................Esq.*

*Attorney for ............................................................*