UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

ALEXANDER SMIRNOV,
                              Plaintiff,

-against-

CITY OF NEW YORK, LAWRENCE COGNATO, Individually,
SALVATORE DESANTIS, Individually, ANDREW HILLERY,
Individually, ANTHONY HERNANDEZ, Individually,
BRENDAN O'BRIEN, Individually, DAVID LUPPINO,
Individually, and JOHN AND JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                              Defendants.

-------------------------------------------------------------------------X

**AMENDED COMPLAINT**

12 CV 3227
(SLT) (VMS)

<u>Jury Trial Demanded</u>

Plaintiff Alexander Smirnov, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

## **JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.	Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.	Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.	Plaintiff Alexander Smirnov is a forty-four year old man residing in Staten Island, New York.

7.	Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.	Defendant City of New York maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.	That at all times hereinafter mentioned, the individually named defendants, Lawrence Cognato, Salvatore Desantis, Andrew Hillery, Anthony Hernandez, Brendan O'Brien, David Luppino, and John and Jane Doe 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.	That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

## FACTS

12. On March 29, 2011, at approximately 8:30 p.m., plaintiff Alexander Smirnov was lawfully present in front of his home at 89 Cliff Street, Staten Island, New York, when the defendant officers stopped, detained and searched plaintiff, despite lacking reasonable suspicion to believe that plaintiff had committed, was committing, or was about to commit any crime or offense.

13. The defendants recovered plaintiff's legally prescribed Alprazolam pill from his pocket.

14. Plaintiff explained to the defendants, in sum and substance, that he was prescribed Alprazolam by a doctor, that the prescription paperwork was in his vehicle at said location, and that he was carrying the pill outside the pill bottle because he would be taking it that evening.

15. Plaintiff further explained to the defendants that they had arrested him three days earlier and during that arrest the defendants took plaintiff's Alprazolam prescription bottle.[1]

16. The defendants including defendant Cognata had arrested plaintiff of March 26, 2011, and had confiscated plaintiff's Alprazolam prescription bottle which was labeled by the pharmacy with plaintiff's name and his Alprazolam prescription information.

17. Despite lacking probable cause to believe that plaintiff had committed any crime

---

[1] Although plaintiff submits that the defendants, including defendant Cognata, falsely accused him of criminal possession of Alprazolam on March 26, 2011, plaintiff has not brought claims arising from that incident herein.

or offense, the defendants handcuffed plaintiff and transported him to the 120th precinct stationhouse.

18. The defendants unlawfully imprisoned plaintiff until his arraignment in Richmond County Criminal Court on docket no. 2011RI002967; said charges having been filed based on the false allegations of the defendants Cognato and Desantis. The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process.

19. On June 27, 2011, the Richmond County District Attorney's office moved to dismiss the false charges filed against plaintiff. All charges were subsequently dismissed and sealed.

20. The defendant NYPD officers Lawrence Cognato, Salvatore Desantis, Andrew Hillery, Anthony Hernandez, Brendan O'Brien, David Luppino, and John and Jane Doe 1 through 10 either participated in or failed to intervene in the illegal conduct described herein.

21. Defendant Hillery supervised defendants Lawrence Cognato, Salvatore Desantis, Anthony Hernandez, Brendan O'Brien, David Luppino, and John and Jane Doe 1 through 10, and approved of, oversaw, and otherwise presided over the arrest and prosecution of the plaintiff

22. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, a *de facto* custom or practice of falsification, as well as the inadequate screening, hiring, retaining, training and supervising of its employees.

23. The aforesaid event is not an isolated incident. Defendant City of New York is

aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the City of New York's Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the legal basis required for stops and searches; the probable cause required for arrests and prosecutions, and; the legality of an individual's possession of prescribed controlled substances outside of their prescription bottle for an individual's current use. Defendant City is further aware that its officers engage in falsification, particularly in drug cases, for improper reasons such as to obtain overtime compensation, and/or to meet quotas.

24. Defendant City of New York is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant City of New York has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

25. Moreover, upon information and belief, defendant City of New York was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant City of New York has retained these officers, and failed to adequately train and supervise them.

26. As a result of the foregoing, plaintiff Alexander Smirnov sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### Federal Claims

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of Rights Under 42 U.S.C. § 1983)

27. Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs "1" through "26" with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

29. All of the aforementioned acts deprived plaintiff Alexander Smirnov of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

30. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

33. As a result of the foregoing, plaintiff Alexander Smirnov is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

34. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. Defendants arrested plaintiff Alexander Smirnov without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

36. Defendants caused plaintiff Alexander Smirnov to be falsely arrested and unlawfully imprisoned.

37. As a result of the foregoing, plaintiff Alexander Smirnov is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. Defendants initiated, commenced and continued a malicious prosecution against plaintiff by providing false and/or misleading information to the Richmond County District Attorney's office.

40. The aforesaid prosecution terminated in favor of plaintiff when it was dismissed on or about June 27, 2011.

41. As a result of the foregoing, plaintiff Alexander Smirnov is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1"" through "41" with the same force and effect as if fully set forth herein.

43. Defendants issued criminal process against plaintiff Alexander Smirnov by causing him to be arraigned and prosecuted for violation of the Penal Law.

44. Defendants caused plaintiff Alexander Smirnov to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority and thereby violated plaintiff's right to be free from malicious abuse of process.

45. As a result of the foregoing, plaintiff Alexander Smirnov is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants had an affirmative duty to intervene on behalf of plaintiff Alexander

Smirnov, whose constitutional rights were being violated in their presence by other officers.

48. The defendants failed to intervene to prevent the unlawful conduct described herein.

49. As a result of the foregoing, plaintiff Alexander Smirnov's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

50. As a result of the foregoing, plaintiff Alexander Smirnov is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

53. As a result of the foregoing, plaintiff Alexander Smirnov was deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

54. As a result of the foregoing, plaintiff Alexander Smirnov is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

55. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56. The individual defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

57. As a result of the foregoing, plaintiff Alexander Smirnov is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

58. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

60. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to engaging in a *de facto* custom or practice of falsification, as well as inadequate screening, hiring, retaining, training and supervising its employees, that were the moving force behind the violation of plaintiff Alexander Smirnov's rights as described herein. As a result of the failure of the City of New York to

properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City of New York has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

61. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff Alexander Smirnov.

62. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff Alexander Smirnov as alleged herein.

63. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff Alexander Smirnov as alleged herein.

64. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff Alexander Smirnov was unlawfully arrested and maliciously prosecuted.

65. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff Alexander Smirnov's constitutional rights.

66. All of the foregoing acts by defendants deprived plaintiff Alexander Smirnov of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

  C. To be free from malicious prosecution; and

  D. To be free from the failure to intervene.

67. As a result of the foregoing, plaintiff Alexander Smirnov is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

<b><u>Supplemental State Law Claims</u></b>

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

70. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

71. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

72. Plaintiff has complied with all conditions precedent to maintaining the instant action.

73. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

74. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. Defendants arrested plaintiff Alexander Smirnov without probable cause.

76. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

77. As a result of the aforementioned conduct, plaintiff Alexander Smirnov was unlawfully imprisoned in violation of the laws of the State of New York.

78. As a result of the aforementioned conduct, plaintiff Alexander Smirnov suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

79. As a result of the foregoing, plaintiff Alexander Smirnov is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

80. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "79" with the same force and effect as if fully set forth herein.

81. Defendants made offensive contact with plaintiff without privilege or consent.

82. As a result of defendant's conduct, plaintiff Alexander Smirnov has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and

humiliation.

83. As a result of the foregoing, plaintiff Alexander Smirnov is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Malicious Prosecution under laws of the State of New York)

84. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "83" with the same force and effect as if fully set forth herein.

85. Defendants initiated, commenced, and continued criminal proceedings against plaintiffs by falsely reporting the events of March 29, 2011 to the Richmond County District Attorney's Office.

86. Defendants caused plaintiff Alexander Smirnov to be prosecuted on criminal charges without any probable cause until the charges were dismissed on or about June 27, 2011.

87. As a result of the aforementioned conduct, plaintiff Alexander Smirnov suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

88. As a result of the foregoing, plaintiff Alexander Smirnov is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
(Malicious Abuse of Process under laws of the State of New York)

89. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "88" with the same force and effect as if fully set forth herein.

90. Defendants issued criminal process against plaintiff Alexander Smirnov by causing him to be arrested, arraigned and prosecuted in criminal court.

91. Defendants caused plaintiff Alexander Smirnov to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

92. As a result of the foregoing, plaintiff Alexander Smirnov is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

93. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

95. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant City of New York.

96. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant City of New York.

97. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff Alexander Smirnov.

98. As a result of the aforementioned conduct, plaintiff Alexander Smirnov suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

99. As a result of the foregoing, plaintiff Alexander Smirnov is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

100. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "99" with the same force and effect as if fully set forth herein.

101. Upon information and belief, defendant City of New York failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff Alexander Smirnov.

102. Defendant City of New York knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

103. As a result of the foregoing, plaintiff Alexander Smirnov is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

104. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest of plaintiff Alexander Smirnov.

106. As a result of the foregoing, plaintiff Alexander Smirnov is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

107. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "106" with the same force and effect as if fully set forth herein.

108. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

109. As a result of the foregoing, plaintiff Alexander Smirnov is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

110. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "109" with the same force and effect as if fully set forth herein.

111. Defendant City of New York is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

112. As a result of the foregoing, plaintiff Alexander Smirnov is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

113. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "112" with the same force and effect as if fully set forth herein.

114. As a result of defendants' conduct, plaintiff Alexander Smirnov was deprived of his right to security against unreasonable searches, seizures, and interceptions.

115. As a result of the foregoing, plaintiff Alexander Smirnov is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff Alexander Smirnov demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individually named defendants in an amount to be determined by a jury;

(C) reasonable attorney's fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
May 1, 2013

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff ALEXANDER SMIRNOV
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

ALEXANDER SMIRNOV,

                                  Plaintiff,

                                12 CV 3227

-against-                      (SLT) (VMS)

CITY OF NEW YORK, LAWRENCE COGNATO, Individually,
SALVATORE DESANTIS, Individually, ANDREW HILLERY,
Individually, ANTHONY HERNANDEZ, Individually,
BRENDAN O'BRIEN, Individually, DAVID LUPPINO,
Individually, and JOHN AND JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                Defendants.

----------------------------------------------------------------------X

## AMENDED COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100